850 F.2d 689
 49 Fair Empl.Prac.Cas. 1512
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Richey PFEIFER, Plaintiff-Appellant,
v.
LEVER BROTHERS COMPANY, Defendant-Appellee.
 No. 87-3122.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1988.
Decided: June 21, 1988.
 
 Charles Lee Nutt (Clements & Nutt, on brief), for appellant.
 Russell H. Gardner (Jeanne M. Phelan, Whiteford, Taylor & Preston, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This ADEA case (29 U.S.C. Sec. 621 et seq.) arose because of the termination of the job of Robert Pfeifer as the engineering manager at the Baltimore plant of Lever Brothers Company. The district court granted the employer's motion for summary judgment based on the fact that Pfeifer did not show that his work was satisfactory to his employer, an element of an ADEA claim. We affirm.
 
 
 2
 James Vaka took over the reins as plant manager of the Baltimore facility in November of 1983. Before beginning this job, Vaka met with Pfeifer and told him of several changes that would need to be made in the engineering department. Vaka was concerned with dilapidated equipment, environmental and safety hazards, and a surplus of unused equipment. After he began to work at the plant, Vaka found other problems with Pfeifer's performance. He noted inadequate supplies of parts, equipment and other materials. Finally, he noted that several projects were over-budget, off-schedule, or non-operational.
 
 
 3
 Vaka told Pfeifer repeatedly that such deficiencies would not be tolerated. On February 1, 1984 Pfeifer submitted work change orders for work done outside the plant which had been completed some time before. Lever Brothers' policy was to have all such work pre-authorized. On February 7, 1984, Pfeifer reported to work at Lever Brothers for the last time. He was replaced by Thomas Dougherty, a 33 year-old.
 
 
 4
 In order to establish a cause of action under the ADEA, Pfeifer must prove that but for Lever Brothers' motive to discriminate against him because of his age, he would not have been fired. Goldberg v. B. Green & Co., 836 F.2d 845, 847 (4th Cir.1988). Pfeifer can rely on direct proof of discrimination, or he can rely on the judicially created proof scheme created for Title VII cases and adapted for ADEA cases. EEOC v. Western Electric Co., Inc., 713 F.2d 1011, 1014 (4th Cir.1983) (to show age discrimination under the indirect method of proof Pfeifer must show 1) he was in the protected group, 2) he was discharged, 3) he was performing his job at a level that met his employer's legitimate expectations, and 4) after his discharge, he was replaced by someone with comparable qualifications outside the protected class).
 
 
 5
 The record is void of any direct proof of age discrimination. Furthermore, Judge Harvey, in a thorough and well-reasoned opinion, explained that the Western Electric test is not met because Pfeifer could not show that his work met his employer's legitimate expectations. He then granted summary judgment for the employer. Goldberg, 836 F.2d at 847 (an absence of evidence supporting Pfeifer's case justifies summary judgment). We agree and affirm the grant of summary judgment on the basis of the district court opinion. Pfeifer v. Lever Brothers Company, Civ. No. H-86-377 (July 7, 1987).
 
 
 6
 AFFIRMED.