**Nasir A. JAMIL Plaintiff**

v.

**Thomas E. WHITE, Secretary of the Army Defendant**

**No. CIV. H–01–3255.**

United States District Court, D. Maryland.

March 28, 2002.

---

Anser Ahmad, Ahmad and Mirin, Harrisburg, PA, for plaintiff.

Thomas M. DiBiagio, Virginia B. Evans, Office of U.S. Atty., Baltimore, MD, for defendant.

*MEMORANDUM OPINION*

ALEXANDER HARVEY, III, Senior District Judge.

In this civil action, an employee of the United States Department of the Army is seeking damages and other relief for alleged employment discrimination. Proceeding *pro se*, plaintiff Nasir A. Jamil ("Jamil") paid the filing fee and filed a complaint in this Court naming as defendant Thomas E. White, Secretary of the Army. A Pakistani, Jamil claims that he was denied a promotion by defendant based on his race and national origin.

Jamil's *pro se* complaint sought relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), under 42 U.S.C. § 1983 and for violations by defendant of his Fifth, Thirteenth and Fourteenth Amendment rights. A claim for emotional distress under state law is also included in plaintiff's complaint. Anser Ahmad, Esq. has now entered his appearance for plaintiff and has agreed that the only viable claim presented by plaintiff's complaint is one for employment discrimination asserted under Title VII.

Pending before the Court is defendant's motion to dismiss or for summary judgment. In support of that motion, defendant has filed a memorandum of law and numerous exhibits. An opposition to defendant's pending motion has been filed by counsel for plaintiff, and defendant has recently replied to that opposition.

Following a review of the pleadings, memoranda and exhibits submitted in support of and in opposition to defendant's pending motion for summary judgment, the Court has determined that no hearing is necessary for a decision. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion for summary judgment will be granted.

I

*Background Facts*

Plaintiff Jamil, a United States citizen, is employed by defendant as a computer scientist, GS–12, in the Corporate Information Office ("CIO") of the Soldier Biological and Chemical Command [1] ("SBCCOM"), located at Aberdeen Proving Ground, Maryland. Jamil is a Pakistani and an Asian–Pacific Islander. Plaintiff began his employment with the Chemical, Biological and Chemical Defense Command in 1987 as a GS–11, and he was subsequently promoted to GS–12, the rank he currently holds. Plaintiff received a Master of Science Degree from Johns Hopkins University in software engineering and computer science in 1990, and a Master of Business Administration Degree from Loyola College in 1999.

On April 1, 1998, the Northeast Civilian Personnel Operations Center ("CPOC") at Aberdeen Proving Ground announced the creation of three new computer science or mathematician interdisciplinary positions in SBCCOM at a GS–13 level. In 1997, plaintiff had been informed of the impending openings by Frank Batelka ("Batelka"), plaintiff's first-level supervisor. On July 24, 1997, plaintiff submitted his resume to the so-called Resumix system.[2]

---

**1.** This division was formerly called the Chemical, Biological and Chemical Defense Command.

**2.** The Resumix system is an automated referral system. It uses state-of-the-art optical character recognition software and a patented skills extraction system to read resumes and identify the best qualified applicants. The system extracts skills, education, and work history data from resumes and matches applicant data with job search criteria to determine a pool of applicants that are qualified for the position.

Frank Belcastro ("Belcastro"), plaintiff's second-level supervisor and Director of the CIO, was the Selection Official for the announced positions. Belcastro drafted a position description that detailed the major duties required for the positions and also a list of specific job search criteria to be used by the Resumix system to determine qualified applicants. A list of 20 applicants, deemed "best qualified" by the Resumix system, was compiled. Plaintiff was listed as one of these twenty.

A panel of three individuals was then established to interview the twenty applicants. The panel included Belcastro, Batelka, and Ralph Falcone ("Falcone"), who is Chief of the Data Imaging Team, and a senior member of the CIO staff. Falcone is not in plaintiff's direct supervisory chain. Each candidate was asked the same series of ten questions, with appropriate follow-up questions. The questions had been compiled by Belcastro with input from Batelka and Falcone and were designed to elicit from the candidates desired information demonstrating how each candidate satisfied the job criteria characteristics. Belcastro had given guidance to the other two panel members as to what they should be looking for in a candidate's response. Each panel member scored the candidates' responses on a scale of 1 to 10. The scores where then totaled, and an average was calculated.[3]

As the Selection Official, Belcastro then independently scored each resume.[4] After he presented the scores to the other panel members to see if they agreed, the resume score was combined with the interview score, and averaged.[5] The candidates were then ranked based on their total average score. Plaintiff was ranked seventh out of the twenty candidates. Before final selections were made, there had been approval for the creation of two more GS–13 positions, and offers were therefore made to the top five candidates on the list. Since plaintiff's average scores had placed him in seventh place on the list, he did not receive any of the promotions.

After contacting an EEO counselor pursuant to 29 C.F.R. § 1614.105, Jamil filed a formal complaint of discrimination on September 23, 1998. Following investigation by the Equal Employment Opportunity Commission, an evidentiary hearing was held before Administrative Judge Laurence Gallagher over a period of two days in March of 2000. At that administrative hearing, plaintiff was represented by Mr. Ahmad, the attorney who is now representing him in this civil action. Plaintiff and other witnesses, including, Belcastro, Batelka and Falcone testified at the two-day[6] hearing.

In his Decision of September 21, 2001, Administrative Judge Gallagher concluded that plaintiff had not established by a preponderance of the evidence that he was unlawfully discriminated against on the basis of his race and/or his national origin when he was not selected for the positions at issue. In an Order dated September 27, 2001, judgment was entered in favor of the agency. On November 1, 2001, plaintiff

---

**3.** Plaintiff's interview was scored 58 by Belcastro, 70 by Batelka, and 66 by Falcone, for an average interview score of 65.

**4.** Plaintiff's resume was scored a 77.

**5.** Plaintiff's average interview score of 65 and resume score of 77 totaled 142, for an average of 70.8.

**6.** The first day of the administrative hearing was March 20, 2000, and the second day was March 28, 2000. A total of eight witnesses, including Jamil, testified at the hearing.

filed in this Court his complaint for employment discrimination.

## II

### Summary Judgment Principles

It is well established that a defendant moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex .Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that the defendant may be liable under the claims alleged. *See* F.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 323, 106 S.Ct. 2548.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick*, 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.1967), *cert. denied*, 390 U.S. 959, 88 S.Ct. 1039, 19 L.Ed.2d 1153 (1968)). Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the absence of the necessary minimal showing by the plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See Catrett*, 477 U.S. at 323–24, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation ... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Catrett*, 477 U.S. at 323–24, 106 S.Ct. 2548).

Applying these principles to the facts of record here, this Court has concluded that defendant's motion for summary judgment must be granted.

## III

### Applicable Law

Title VII makes it unlawful for an employer "to ... discriminate against any

individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race... or national origin, ..." 42 U.S.C. § 2000e–2(a)(1). Two claims are asserted under Title VII by plaintiff in this case: (1) that defendant denied him a promotion because of his race; and (2) that defendant denied him a promotion because of his national origin.

In order to prevail on each of these claims, plaintiff must prove that, but for defendant's motive to discriminate, he would not have been subjected to the adverse employment action in question. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 458 (4th Cir.1989). Plaintiff may meet this burden under ordinary principles of proof using direct or indirect evidence or, in the alternative, under the judicially created proof scheme established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and reaffirmed in *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

## IV

### Discussion

On the record here, this Court concludes that plaintiff has not met his burden of proving discriminatory intent by direct evidence or by sufficiently probative indirect evidence. He has not produced direct evidence of defendant's stated purpose to discriminate nor is there circumstantial evidence in the record here of sufficient probative force to reflect a genuine issue of material fact. *See Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988). Since neither the direct nor circumstantial evidence relied upon by plaintiff in this case is of sufficient probative force to reflect a genuine issue of fact as to defendant's motive to discriminate on the basis of race or national origin, the

Court must resort in this case to the *McDonnell Douglas* proof scheme to determine if plaintiff's Title VII claims should proceed to trial.

Pursuant to *McDonnell Douglas*, plaintiff must initially establish by a preponderance of the evidence a *prima facie* case of employment discrimination. In order to make out a *prima facie* case of race and/or national origin discrimination in these proceedings, plaintiff must here establish: (1) that he is a member of a protected class; (2) that he applied for the positions in question; (3) that he was qualified for those positions; and (4) that he was rejected for the positions under circumstances giving rise to an inference of unlawful discrimination. *McNairn v. Sullivan*, 929 F.2d 974, 977 (4th Cir.1991); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994).

If the plaintiff has established a *prima facie* case of employment discrimination, then the defendant has the burden of articulating a legitimate, non-discriminatory reason for failing to promote him. *O'Connor v. Consolidated Coin Caterers Corp.*, 84 F.3d 718, 719 (4th Cir.1996). The articulation of a legitimate, non-discriminatory reason for failing to promote him rebuts the inference of discrimination raised by plaintiff's proof of a *prima facie* case. At that point, the ultimate burden shifts back to plaintiff to prove by a preponderance of the evidence that the proffered explanation was a pretext and that defendant intentionally discriminated against him on the basis of his race and/or national origin. *Id.* In order to defeat defendant's motion for summary judgment, plaintiff must point to evidence in the record from which a reasonable jury could infer that defendant's action was based upon his race and/or national origin or that defendant's proffered legitimate, non-discriminatory

reason for the adverse employment action was a pretext for unlawful discrimination. *Id.*

Evidence of record indicates that plaintiff has under Title VII established a *prima facie* case of discriminatory failure to promote. He has clearly satisfied the first three elements of the test. Jamil, as a Pakistani and an Asian–Pacific Islander, is a member of a protected group. He did apply for the positions which were open, and he was qualified for them. Since none of the five persons selected for the new positions were Pakistanis or Asian–Pacific Islanders, the fourth prong of the test has also been satisfied. *Carter,* 33 F.3d at 458.

■ Although plaintiff has here made out a *prima facie* case of discrimination, summary judgment must be granted in favor of the defendant on this record. Defendant has in this case articulated legitimate, non-discriminatory reasons for failing to promote plaintiff. An objective selection process was employed by defendant, and Jamil was not promoted because other applicants received higher scores than he did. Plaintiff in turn has presented no material evidence which would raise a triable issue as to the question of pretext. Evidence of discriminatory motive on the part of plaintiff's supervisors does not exist in this record. Plaintiff has failed to come forward with evidence " 'of a stated purpose to discriminate of sufficient probative force to reflect a genuine issue of material fact.' " *EEOC v. Clay Printing Co.,* 955 F.2d 936, 941 (4th Cir. 1992) (*quoting Goldberg v. B. Green & Co., Inc.,* 836 F.2d 845, 848 (4th Cir.1988)).

■ Plaintiff objects to the fact that communications skills were deemed to be significant criteria for the positions. As proof of discriminatory animus, plaintiff relies on the testimony at the administrative hearing of Amit Adhya ("Adhya"), another Asian–Pacific Islander, who also applied for the GS–13 positions and who also was not selected. Adhya acknowledged in his testimony that his accent was not the same as "pure Americans," and Adhya believed that Belcastro in a conversation with him had indicated that this was a disadvantage. (Tr. at 95).[7]

The testimony in question, which did not involve Jamil in any way, is not competent evidence of Belcastro's discriminatory animus insofar as plaintiff Jamil is concerned. Indeed, Jamil has not produced any evidence of racially offensive or other statements which were made at any time by any of the three selecting officials and which might indicate that one or more of them was motivated by an intention to unlawfully discriminate against him.

■ At the administrative hearing, plaintiff testified that he believed that he was much more qualified than those selected for the new positions. (Tr. at 50). But testimony of this sort by a plaintiff in a Title VII case does not constitute competent evidence. Where a defendant produces proof that its reason for not promoting a Title VII plaintiff was that it selected the best qualified candidates for the position, the assertion by the plaintiff that he was more qualified for the positions than the persons actually selected is insufficient to demonstrate pretext. *Bostron v. Apfel,* 104 F.Supp.2d 548, 556 (D.Md.2000). The self-perception of a plaintiff as to his qualifications in a suit like this one is irrelevant; what matters is "the perception of the decision maker." *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980); *Pfeifer v. Lever*

---

7. References to the transcript of the hearing held before Administrative Judge Gallagher on March 20, 2000 are designated "Tr."

*Bros. Co.*, 693 F.Supp. 358, 364 (D.Md. 1987), *aff'd* 850 F.2d 689, 1988 WL 67589 (4th Cir.1988); *Douglas v. PHH FleetAmerica Corp.*, 832 F.Supp. 1002, 1010 (D.Md. 1993). This Court should not act as a "super-personnel department" and undertake to determine whether a defendant's perceptions of an employee's qualifications are erroneous, without regard to the defendant's "ability to assess the full dimension of its employees' qualifications and its ability to view its employees in a work environment...." *Evans v. Technologies Applications & Servs. Co.*, 875 F.Supp. 1115, 1120 (D.Md.1995). As this Court recently held, a plaintiff's own conclusory assertions of discrimination in and of themselves are insufficient to constitute proof of a defendant's discriminatory animus. *Sharafeldin v. Maryland Dept. of Pub. Safety*, 131 F.Supp.2d 730, 742 (D.Md.), *aff'd.* 2001 WL 1432557 (4th Cir. 2001).

 Plaintiff also objects to the fact that all three members of the interviewing panel were Caucasian and were from inside the CIO, and he complains that Belcastro and Batelka had personal knowledge of plaintiff's job skills. But such circumstances are hardly proof of a discriminatory intent of members of the interviewing panel. Plaintiff has presented no objective evidence to rebut defendant's determination that the other applicants selected were better qualified for the new positions. When an employer gives legitimate nondiscriminatory reasons for an employment decision, it is not the province of the Court to decide whether the reasons were wise, fair or even correct, so long as they truly were the reasons for the employment action. *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir.1998); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir.2000). That other applicants received higher test scores than did Jamil

is a legitimate reason for not selecting him for the positions at issue. *Carter*, 33 F.3d at 458.

Plaintiff notes that he, Adhya and Ms. Chan Yu were all Asian–Pacific Islanders who unsuccessfully applied for the new positions. According to plaintiff, the fact that all three were not selected is proof of defendant's discriminatory intent. However, statistics of this sort are not sufficient to prove pretext in an individual disparate treatment case like this one. *Bostron*, 104 F.Supp.2d at 554. An employer's employment statistics have little direct bearing on the specific intention of the employer when making a particular adverse employment decision. *Id.* at 554–555.

Accordingly, this Court concludes as a matter of law that plaintiff is not entitled to a recovery from defendant in this case under Title VII.

## V

### Conclusion

In sum, plaintiff has not produced evidence of discrimination sufficient to create a genuine issue of material fact concerning whether defendant intentionally discriminated against him based upon his race or national origin. Plaintiff has not produced proof indicating that the legitimate, nondiscriminatory reasons given by defendant for his non-selection were pretextual. Accordingly, for all the reasons stated, defendant's motion for summary judgment will be granted. An appropriate Order will be entered by the Court.