**Cecilia Y. CHYU, Plaintiff,**

v.

**MARYLAND DEPARTMENT OF HEALTH AND MENTAL HYGIENE, Defendant.**

**No. Civ. H–01–3705.**

United States District Court, D. Maryland.

April 30, 2002.

Cecilia Y. Chyu, Ellicott City, MD, for Plaintiff.

James C. Anagnos, Office of the Attorney General, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

HARVEY, Senior District Judge.

In this civil action, a part-time employee of an agency of the State of Maryland is seeking damages and other relief for alleged employment discrimination. Proceeding *pro se*, plaintiff Cecilia Y. Chyu ("Chyu") paid the filing fee and filed a complaint in this Court naming as defendant Maryland Department of Health and Mental Hygiene ("Department of Health"). A Korean female, Chyu claims that she was discharged by defendant based on her race and national origin. Suit has been brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

On November 28, 2001, plaintiff filed her complaint on a form provided by the Clerk of this Court, and on November 29, 2001, she filed an amended complaint on a similar form. Numerous exhibits have been submitted by plaintiff in support of her claims.

On March 15, 2002, defendant, represented by an Assistant Attorney General of the State of Maryland, filed a motion for a more definite statement pursuant to Rule 12(e), F.R.Civ.P. That motion was granted by the Court, and plaintiff was ordered to respond to defendant's request and to provide further information in support of the cursory allegations contained in her complaint and amended complaint. Thereafter, plaintiff timely submitted additional documents, together with a two-page, handwritten statement responding to each of the questions posed by defendant.

Defendant has now filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), F.R.Civ.P. In support of that motion, counsel for defendant has submitted several exhibits, and plaintiff in turn has relied on exhibits attached to her complaints and to her response to defendant's motion for a more definite statement. Since matters outside of plaintiff's initial pleadings have been presented to the Court, the pending motion will, pursuant to Rule 12(b)(6), be treated as one for summary judgment and disposed of as provided in Rule 56.

Since plaintiff is appearing *pro se* in this case, she was advised by the Clerk that a motion for dismissal or for summary judgment had been filed by defendant. She was told that she should file an opposition to the motion within seventeen days, together with relevant evidentiary materials in support of her opposition. Plaintiff was informed that defendant's motion and the supporting papers asserted certain facts and matters to be true, and plaintiff was advised that she was entitled to file in opposition to the pending motion any relevant materials, including affidavits or statements explaining the facts or matters asserted in the motion. Plaintiff was further advised that if she did not file a timely and appropriate written response, or that if her response failed to show by affidavit or statement that there was a genuine dispute of material fact, summary judgment might be entered against her. As disclosed by the record here, no opposi-

tion to the pending motion to dismiss or for summary judgment has been filed by plaintiff within the time set by the Court.

Following its review of defendant's motion and the pleadings, exhibits and other matters of record here, the Court has concluded that defendant's motion to dismiss, treated herein as a motion for summary judgment, must be granted. The facts of record establish as a matter of law that plaintiff has not been subjected to a discriminatory discharge by defendant.

I

## Background Facts

On March 29, 1999, plaintiff Chyu was hired by the Department of Health on behalf of the Howard County Health Department as a part-time employee. She was to serve as an interviewer and translator for defendant's outreach program and was assigned to work with the Howard County Health Department. Under her contract of employment, she was to work twelve hours a week, and her employment was to last until March 31, 2000. Her contract was later extended until June 30, 2000.

On June 26, 1999, Chyu made a presentation on behalf of the Department of Health to a group of Chinese senior citizens. She spoke to the group about women's health issues, including breast and cervical cancer. Chyu was accompanied by her supervisor, Sandra Rodrigues, inasmuch as this was the first occasion when Chyu was to make a presentation of this sort. Rodrigues had previously been informed by other staff members that Chyu did not have a complete grasp of the program. During the session, Rodrigues became dissatisfied with Chyu's performance and interrupted her on several occasions. Plaintiff complains that this led to her embarrassment and humiliation in front of the group. Several days later on June 30, 1999, plaintiff was discharged. According to Rodrigues, plaintiff's employment was terminated because she failed to properly perform the duties assigned to her as a part of her contract of employment.

Plaintiff then filed with the Maryland Commission on Human Relations (the "MCHR") a complaint charging defendant with discrimination. Case No. 9909–0236. The sole claim asserted by plaintiff was that she had been discharged because of her race, Asian, and her national origin, Korean. Following an investigation, the MCHR issued a Written Finding on July 10, 2001, determining that no evidence had been found to support Chyu's allegations of discrimination. The MCHR determined that policies and procedures of the State of Maryland permit a contractual employee to be terminated at any time if the employee does not comply with the requirements of the original contract.

After her request for reconsideration of the MCHR's decision had been denied, Chyu filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). On August 30, 2001, the EEOC dismissed plaintiff's charge and adopted the findings of the MCHR. Charge No. 12F990763. Following receipt of a Notice to Sue, plaintiff timely filed her initial complaint in this Court on November 28, 2001.

II

## Summary Judgment Principles

It is well established that a defendant moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate

burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that the defendant may be liable under the claims alleged. *See* F.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett,* 477 U.S. at 323, 106 S.Ct. 2548.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick,* 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 640 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967), *cert. denied,* 390 U.S. 959, 88 S.Ct. 1039, 19 L.Ed.2d 1153 (1968)). Moreover, only disputed issues of *material* fact, determined

by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the absence of the necessary minimal showing by the plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation ... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548).

Applying these principles to the facts of record here, this Court has concluded that defendant's motion for summary judgment must be granted.

### III

### *Applicable Law*

Title VII makes it unlawful for an employer "to ... discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race ... or national origin, ..." 42 U.S.C. § 2000e–2(a)(1). Two claims are asserted under Title VII by plaintiff in this case: (1) that defendant discharged her because of her race; and (2) that defendant discharged her because of her national origin.

In order to prevail on each of these claims, plaintiff must prove that, but for defendant's motive to discriminate, she

would not have been subjected to the adverse employment action in question. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 458 (4th Cir.1989). Plaintiff may meet this burden under ordinary principles of proof using direct or indirect evidence or, in the alternative, under the judicially created proof scheme established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and reaffirmed in *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

## IV

### Discussion

On the record here, this Court concludes that plaintiff has not met her burden of proving discriminatory intent by direct evidence or by sufficiently probative indirect evidence. She has not produced direct evidence of defendant's stated purpose to discriminate nor is there circumstantial evidence in the record here of sufficient probative force to reflect a genuine issue of material fact. *See Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988). Since neither the direct nor circumstantial evidence relied upon by plaintiff in this case is of sufficient probative force to reflect a genuine issue of fact as to defendant's motive to discriminate on the basis of plaintiff's race or national origin, the Court must resort in this case to the *McDonnell Douglas* proof scheme to determine if plaintiff's Title VII claims should proceed to trial.

Pursuant to *McDonnell Douglas,* plaintiff must initially establish by a preponderance of the evidence a *prima facie* case of employment discrimination. In order to make out a *prima facie* case of racial or national origin discrimination in these proceedings, plaintiff must here establish: (1) that she is a member of a protected class; (2) that she was discharged by her employer; (3) that at the time of her discharge she was performing her job at a level which met her employer's legitimate expectations; and (4) that following her discharge she was replaced by someone of comparable qualifications outside the protected class. *O'Connor v. Consolidated Coin Caterers Corp.*, 84 F.3d 718, 719 (4th Cir.1996); *Williams*, 871 F.2d at 455.

If the plaintiff has established a *prima facie* case of employment discrimination, then the defendant has the burden of articulating a legitimate, non-discriminatory reason for terminating plaintiff's employment. *O'Connor*, 84 F.3d at 719. The articulation of a legitimate, non-discriminatory reason for the discharge of plaintiff rebuts the inference of discrimination raised by his proof of a *prima facie* case. At that point, the ultimate burden shifts back to plaintiff to prove by a preponderance of the evidence that the proffered explanation was a pretext and that defendant intentionally discriminated against her on the basis of her race or national origin. *Id.* In order to defeat defendant's motion for summary judgment, plaintiff must point to evidence in the record from which a reasonable jury could infer that defendant's action was based upon her race or national origin or that defendant's proffered legitimate, non-discriminatory reason for the adverse employment action was a pretext for unlawful discrimination. *Id.* In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Supreme Court rejected the Fourth Circuit's so-called "pretext-plus" approach and held that a plaintiff in a Title VII case may prevail by merely showing that the employer's proffered reason for its action was pretextual because such a showing is "simply one form of circumstantial evidence that is probative of intentional discrimination." *Id.* at 2108. Thus, "a plaintiff's

*prima facie* case, combined with sufficient evidence to find that the employer's justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.,* 120 S.Ct. at 2109.

■ On the record here, this Court concludes that plaintiff has not made out a *prima facie* case of employment discrimination. Two of the elements have in fact been satisfied. Plaintiff Chyu is a member of a protected class, and she was discharged by her employer. However, at the time of her discharge, she was not performing her job at a level which met her employer's legitimate expectations. Moreover, there was no evidence of record indicating that following her discharge she was replaced by someone of comparable qualifications outside the protected class.

Plaintiff's supervisor Rodrigues had warned her about referring to herself as Dr. Chyu, about requesting secretaries to refer to her as Dr. Chyu, and about placing an advertisement in a Korean newspaper referring to herself as Dr. Chyu while listing the telephone number of the Department of Health. Nevertheless, at the presentation made by plaintiff on June 26, 1999, she represented herself as "Dr. Chyu."

At a dinner party after the presentation, Rodrigues asked plaintiff how she could present herself as a Doctor. Plaintiff admitted to Rodrigues that she did not have an M.D. degree but claimed that she was a Doctor of Oriental Medicine. Rodrigues did not accept her explanation and shortly thereafter, plaintiff was discharged. Clearly, at the time of her discharge, she was not performing her job at a level which met the legitimate expectations of the Department of Health. Moreover, the record contains no evidence indicating that Chyu's part-time job was later filled by a qualified person who was outside the protected class.

Plaintiff's own assertions that at all times her job performance was satisfactory do not constitute competent evidence. The self-perception of a plaintiff as to her qualifications in a suit like this one is irrelevant; what matters is "the perception of the decision maker." *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980); *Pfeifer v. Lever Bros. Co.,* 693 F.Supp. 358, 364 (D.Md.1987), *aff'd* 850 F.2d 689 (4th Cir.1988); *Douglas v. PHH FleetAmerica Corp.,* 832 F.Supp. 1002, 1010 (D.Md.1993). This Court should not act as a "super-personnel department" and undertake to determine whether a defendant's perceptions of an employee's qualifications are erroneous, without regard to the defendant's "ability to assess the full dimension of its employees' qualifications and its ability to view its employees in a work environment...." *Evans v. Technologies Applications & Services Co.,* 875 F.Supp. 1115, 1120 (D.Md.1995).

■ Even assuming, *arguendo,* that this Court were to find that plaintiff had made out a *prima facie* case of discrimination on the present record, summary judgment in favor of defendant would still be granted. Defendant Department of Health has in this case articulated legitimate, nondiscriminatory reasons for the termination of plaintiff's employment. Plaintiff in turn has presented no material evidence which would raise a triable issue as to the question of pretext. It cannot be inferred on the record here that defendant's action was based upon plaintiff's race or national origin. The record in this case does not disclose that Chyu's supervisor at any time uttered a racial slur or displayed hostility to a Korean employee.

Evidence of discriminatory motive on the part of defendant Department of Health does not exist in this record. Plaintiff has failed to come forward with

evidence " 'of a stated purpose to discriminate of sufficient probative force to reflect a genuine issue of material fact.' " *EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir.1992) (quoting *Goldberg*, 836 F.2d at 848). A plaintiff's own conclusory assertions of discrimination in and of themselves are insufficient in a Title VII case to prove discriminatory animus and counter substantial evidence of legitimate, nondiscriminatory reasons for an adverse employment action. *Williams*, 871 F.2d at 456; *Gairola v. Commonwealth of Va., Dept. of General Servs.*, 753 F.2d 1281, 1288 (4th Cir.1985).

Plaintiff asserts that in 1998 she had received her doctoral degree in naturopathy and had continued her education by completing her studies in oriental medicine, specializing in acupuncture and herbal medicine. She contends that her supervisor Rodrigues discriminated against her on the basis of her race and national origin by refusing to recognize the cultural distinction in question. There is no merit to this argument. Rodrigues had every right to insist that Chyu not portray herself as a medical doctor in discussing with a group of senior citizens breast and cervical cancer issues. When Chyu persisted in portraying herself as a "Dr.", the Department of Health had every right to terminate her employment.

■ Plaintiff complains that Rodrigues made insulting and demeaning remarks at the June 26, 1999 presentation and argues that the attitude displayed by Rodrigues on that occasion is proof of a discriminatory animus on the part of defendant. That Rodrigues was strict and demanding is not competent evidence to support a Title VII claim. Title VII's protections do not insulate an employee from dissatisfactions and annoyances arising in the work place nor from the "unpleasantness of a surly, strict or even personally insufferable and de-

manding supervisor." *Settle v. Baltimore County*, 34 F.Supp.2d 969, 991 (D.Md. 1999), *aff'd* 203 F.3d 820 (4th Cir.1999). There is no evidence in the record here that Rodrigues used racial or other discriminatory language in her dealings with plaintiff, nor has plaintiff produced evidence of any other verbal or written statements tending to indicate that defendant discriminated against her on account of her race or national origin. *See Spence v. Maryland Cas. Co.* 803 F.Supp. 649, 670 (W.D.N.Y.1992), *aff'd*, 995 F.2d 1147 (2d Cir.1993).

In the memorandum submitted by counsel in support of defendant's motion for summary judgment, counsel suggests that plaintiff, in addition to claiming that she was subjected to a discriminatory discharge, may also in her complaints be inferentially presenting claims of disparate discipline and hostile work environment. From its review of the record here, this Court concludes that the only Title VII claim presented by plaintiff in this case is one of discriminatory discharge. This was the only claim contained in Chyu's complaint filed with the MCHR, and it was the only one that both the MCHR and the EEOC considered.

## V

### Conclusion

In sum, plaintiff has not produced evidence of discrimination sufficient to create a genuine issue of material fact concerning whether defendant intentionally discriminated against her based upon her race or national origin. Evidence does not exist in this record satisfying Chyu's burden of making out a *prima facie* case of employment discrimination. Furthermore, plaintiff has not produced proof indicating that the legitimate, nondiscriminatory reasons given by defendant for terminating her

employment were pretextual. Accordingly, for all the reasons stated, defendant's motion to dismiss, treated herein as a motion for summary judgment, will be granted. An appropriate Order will be entered by the Court.