UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NASIR A. JAMIL,

*Plaintiff-Appellant,*

v.

THOMAS E. WHITE, The Honorable,

*Defendant-Appellee.*

No. 02-1526

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-01-3255-H)

Submitted: January 27, 2003

Decided: February 7, 2003

Before WIDENER, WILKINS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Anser Ahmad, AHMAD & MIRIN, Harrisburg, Pennsylvania, for
Appellant. Thomas M. DiBiagio, United States Attorney, Virginia B.
Evans, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Nasir Jamil appeals the district court's order granting summary judgment in favor of the Appellee. Jamil filed this complaint pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002), alleging the United States Secretary of the Army discriminated against him when he was denied a promotion based on his race and national origin. We affirm.

We review an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Unlawful discrimination claims are analyzed under the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The district court found that Jamil established a prima facie case under this framework but that the Secretary then met its burden to articulate a legitimate nondiscriminatory reason why Jamil was not selected for the positions in question. *See Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994) (applying *McDonnell Douglas* criteria within the failure to promote context). We are not persuaded that the district court erred. Because Jamil failed to produce evidence sufficient to establish a genuine issue for trial as to whether the Secretary's proffered reason was pretextual, the district court properly granted summary judgment for the Secretary. *See id.*

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*