**Dennis M. BAILEY Plaintiff**

v.

**ANNE ARUNDEL COUNTY, MARYLAND Defendant**

**No. CIV.H–01–4044.**

United States District Court, D. Maryland.

March 14, 2003.

Mark Wayne Howes, Mark W. Howes, Esquire, Paul V. Bennett, Law Office of Paul V. Bennett, Annapolis, MD, for Plaintiff.

William D. Evans, Jr., Anne Arundel County Office of Law, Annapolis, MD, for Defendant.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

Plaintiff Dennis M. Bailey ("Bailey") is a Caucasian male over the age of 46 years who is currently employed by defendant Anne Arundel County (the "County") as a lieutenant in the Anne Arundel County Police Department. In this civil action, plaintiff has sued the County under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. (the "ADEA"). Bailey claims that he was denied a promotion by defendant on account of his race, his sex and his age.

Pending before the Court is defendant's motion for summary judgment. In support of that motion, defendant has filed a memorandum of law and various exhibits, including deposition excerpts. An opposition to defendant's pending motion has been filed by plaintiff together with supporting exhibits, and defendant has replied to that opposition. A hearing on defendant's pending motion for summary judgment has been held in open court.

The Court has now had an opportunity to review the pleadings, memoranda and exhibits submitted in support of and in opposition to defendant's pending motion. Due consideration has been given to the oral arguments of counsel. For the reasons stated herein, defendant's motion for summary judgment will be granted.

## I

### Background Facts [1]

Plaintiff Bailey joined the Anne Arundel County Police Department in 1982 as a patrol officer. In 1986, he was promoted to the position of police sergeant, and he was again promoted in 1993 to the position of police lieutenant.

On or about February 23, 2001, defendant posted an internal position announcement indicating that there was an opening for the position of captain within the County Police Department. The announcement stated that there were three minimal requirements for the job: (1) graduation from high school and three or more years (a minimum of 90 credits) at an accredited college or university; (2) a total of eight or more years experience with the County Police Department, of which four or more years were in police administration and of which two or more years were at the rank of lieutenant with the County Police Department; and (3) possession of a valid motor vehicle operator's license. The announcement further stated that those candidates meeting the minimum requirements would be comparatively considered according to their relative qualifications and placed on an eligibility list. Placement on the eligibility list would be determined based solely on an assessment of the documentation in each candidate's submission of the following factors: (1) law enforcement experience in police management, operations, community relations, and policy and leadership development; (2) budgeting responsibilities and administration; (3) higher education; and (4) training, non-accredited education and professional development.

---

1. The facts summarized below, where disputed, reflect plaintiff's version of the events to the extent that it is supported by affidavits, depositions or other documentary evidence. *Magnuson v. Peak Technical Servs.,* 808 F.Supp. 500, 504 (E.D.Va.1992).

On March 26, 2001, applications for the position closed following submissions by nine Caucasian males and one black female. The applicants were the following: Athena M. Baker ("Baker Marpel"),[2] Thomas E. Rzepkowski ("Rzepkowski"), James A. Fahrman ("Fahrman"), David E. Pressley ("Pressley"), Mark H. Morgan ("Morgan"), Joseph H. Bisesi, Sr. ("Bisesi"), plaintiff Dennis M. Bailey ("Bailey"), Keith M. Conrad ("Conrad"), Jeffrey A. Kelly ("Kelly") and Thomas V. Wheeler ("Wheeler"). Patricia Hopkins ("Hopkins"), an Assistant Personnel Officer, reviewed the applications and determined that each of the ten candidates met the minimal requirements for consideration for the position. Hopkins then scored each of the candidates using the so-called Matchmaker System[3] and created a "Police Captain Eligibility List" based on the candidates' scores. The candidates received the following scores: Baker Marpel (score of 76), Rzepkowski (score of 74), Fahrman (score of 68), Pressley (score of 62), Morgan (score of 62), Bisesi (score of 60), plaintiff Bailey (score of 58), Conrad (score of 49), Kelly (score of 48), and Wheeler (score of 46). Plaintiff's score of 58 ranked him seventh on the Eligibility List, while Baker Marpel, the candidate ultimately promoted, received a score of 76 which ranked her first on the list.

In accordance with the Anne Arundel County Code, a certified list was then created containing the names of the top three candidates on the Eligibility List.[4] Because Bailey was ranked seventh on the Eligibility List, his name was not placed on the certified list. The certified list was then sent to Police Chief P. Thomas Shanahan for review and interview of the candidates. Following interviews during the month of April, 2001 held with each of the candidates listed on the certified list, Chief Shanahan promoted Baker Marpel to the rank of captain on May 24, 2001.

On August 21, 2001, plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting the he had been denied the promotion to captain solely because of his race, sex and age. On September 27, 2001, the EEOC sent plaintiff a letter concluding that there was insufficient evidence to establish a violation by the County of Title VII or the ADEA and advising plaintiff that he had the right to sue in federal court. On December 26, 2001, Bailey filed a complaint in this Court alleging employment discrimination. Plaintiff is here seeking an injunction, back pay, compensatory damages, and attorneys' fees and costs.

## II

### Summary Judgment Principles

A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the plaintiff must bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'— that is, pointing out to the district court—

---

**2.** Athena M. Baker is an African–American female. She married after she filed her application and will therefore be referred to herein as "Baker Marpel."

**3.** The Matchmaker System is a computer software program that assists in scoring the candidates.

**4.** According to the County Code, if there is, as in this case, only one vacant position to be filled, the top three names on the eligibility list are placed on a certified list.

that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Rule 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett,* 477 U.S. at 322, 323, 106 S.Ct. 2548.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick,* 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). A genuine issue of material fact cannot be created "through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the absence of a minimal showing by a plaintiff that the defendant may be liable under the claims alleged, a defendant should not be required to undergo the considerable expense of preparing for and participating at a trial. *See Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505; *Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation...to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548).

In considering a motion for summary judgment in a discrimination case like this one, a trial court must take special care because motive is often the crucial issue. *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1005 (4th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). Nevertheless, disposition of a Title VII or an ADEA suit under Rule 56 is appropriate if the plaintiff cannot prevail as a matter of law. *Conkwright v. Westinghouse Elec. Corp.,* 739 F.Supp. 1006, 1013 (D.Md.1990), *aff'd,* 933 F.2d 231 (4th Cir.1991). Indeed, "one purpose of the allocation of burdens of proof and production in Title VII and ADEA actions is to help district courts to identify meritless suits and stop them short of a full trial." *Id.* at 1013 (citations omitted).

Applying these principles to the facts of record here, this Court has concluded that defendant's motion for summary judgment must be granted.

## III

### *Applicable Principles of Law*

The legal standards to be applied to plaintiff's Title VII claims and to his ADEA claim are essentially identical. In order to prevail on each claim, plaintiff must prove that, but for defendant's discriminatory motive, he would not have been subjected to the adverse employment action in question. *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992); *Williams v. Cerberonics, Inc.,* 871 F.2d 452, 458 (4th Cir.1989). Plaintiff may meet this burden under ordinary principles of proof using direct or indirect evidence or, in the alternative, under the judicially created proof scheme established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and reaffirmed in *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *See Henson v. Liggett Group Inc.,* 61 F.3d 270, 274–75 (4th Cir.1995)(applying *McDonnell Douglas* proof scheme in ADEA cases). The *McDonnell Douglas* proof scheme applies to reverse discrimination claims like that asserted by plaintiff in this case. *Lucas v. Dole,* 835 F.2d 532, 533–34 (4th Cir.1987).

Under the *McDonnell Douglas* proof scheme, plaintiff must initially establish by a preponderance of the evidence a *prima facie* case of employment discrimination. In order to make out a *prima facie* case of race, sex or age discrimination based on a failure to promote, plaintiff must here establish: (1) that he is a member of a protected class; (2) that his employer had an open position for which he applied or sought to apply; (3) that he was qualified for the position; and (4) that he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Carter v. Ball,* 33 F.3d 450, 458 (4th Cir.1994)(race discrimination); *Evans v. Technologies Applications and Serv. Co.,* 80 F.3d 954, 959 (4th Cir.

1996)(sex discrimination); *Bernstein v. St. Paul Cos.,* 134 F.Supp.2d 730, 738 (D.Md. 2001)(age discrimination).

If plaintiff establishes a *prima facie* case of employment discrimination, then defendant has the burden of articulating a legitimate, non-discriminatory reason for failing to promote him. *O'Connor v. Consolidated Coin Caterers Corp.,* 84 F.3d 718, 719 (4th Cir.1996). The articulation of a legitimate, non-discriminatory reason for failing to promote the plaintiff rebuts the inference of discrimination raised by plaintiff's proof of a *prima facie* case. This burden is one of production, not of persuasion, and it involves no credibility assessment. *Hicks,* 509 U.S. at 509, 113 S.Ct. 2742. The "[u]ltimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Once the defendant has articulated a legitimate, nondiscriminatory explanation for its decision, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the proffered explanation was a pretext and that defendant intentionally discriminated against him on the basis of his race, sex or age. *O'Connor,* 84 F.3d at 719. In order to defeat defendant's motion for summary judgment, plaintiff must point to evidence in the record from which a reasonable jury could infer that defendant's action was based upon his race, sex or age or that defendant's proffered legitimate, non-discriminatory reason for the adverse employment action was a pretext for unlawful discrimination. *Id.* In *Reeves v. Sanderson Plumbing Products Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Supreme Court reiterated that evidence of pretext, combined with the plaintiff's *pri-*

*ma facie* case, does not compel judgment for the plaintiff, because "[i]t is not enough ... to *dis* believe the employer; the fact-finder must [also] *believe* the plaintiff's explanation of intentional discrimination." (Emphasis in original) (quoting *Hicks,* 509 U.S. at 519, 113 S.Ct. 2742). However, under appropriate circumstances, "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves,* 530 U.S. at 148, 120 S.Ct. 2097.

## IV

### *Discussion*

On the record here, this Court concludes that plaintiff has not met his burden of proving discriminatory intent by direct evidence or by sufficiently probative indirect evidence. He has not produced direct evidence of defendant's stated purpose to discriminate nor is there circumstantial evidence in the record here of sufficient probative force to reflect a genuine issue of material fact. *See Goldberg v. B. Green & Co.,* 836 F.2d 845, 848 (4th Cir.1988). Thus, the Court must resort in this case to the *McDonnell Douglas* proof scheme to determine if plaintiff's claims should proceed to trial.

### (a)

### *Prima Facie Case*

Under the first prong of the *McDonnell Douglas* proof scheme, plaintiff must initially furnish proof of a *prima facie* case of employment discrimination. The first element requires proof that plaintiff is a member of a protected class. Defendant contends that plaintiff, as a member of the majority class of Caucasian males, faces a higher burden of proof with respect to this element. As defendant points out, some courts have held that a plaintiff asserting a reverse discrimination claim must show "background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against" the group that is ordinarily favored. *Parker v. Baltimore and Ohio R.R. Co.,* 652 F.2d 1012, 1017 (D.C.Cir.1981); *Murray v. Thistledown Racing Club, Inc.,* 770 F.2d 63, 66–67 (6th Cir.1985); *Gilbert v. Penn–Wheeling Closure Corp.,* 917 F.Supp. 1119, 1125–26 (N.D.W.Va.1996).

■ Other courts, however, have refused to apply such a heightened burden in reverse discrimination cases. *Iadimarco v. Runyon,* 190 F.3d 151, 160–63 (3rd Cir. 1999); *Stock v. Universal Foods Corp.,* 817 F.Supp. 1300, 1306 (D.Md.1993). To date, the Fourth Circuit has not ruled on the question whether a plaintiff in a Title VII reverse discrimination case must produce additional evidence beyond the *McDonnell Douglas* requirement that a plaintiff furnish proof that, as a white person, he or she is a member of a protected class. *See Lucas v. Dole,* 835 F.2d 532, 534 (4th Cir.1987). In this particular case, the Court finds it unnecessary to decide this issue. Inasmuch as plaintiff Bailey on the record here has in any event failed to present sufficient evidence to show that he was qualified for the promotion which he sought, the Court will assume that plaintiff is a member of a protected class and that he has therefore satisfied the first element of the *McDonnell Douglas* requirements. Plaintiff has clearly satisfied the second element of the *McDonnell Douglas* proof scheme since he did apply for the open position. Because the person selected for the promotion was black, female and younger than plaintiff, the fourth prong of the test has also been satisfied. *Carter,* 33 F.3d at 458; *O'Connor,* 517 U.S. at 312, 116 S.Ct. 1307. The question before the Court is whether plaintiff has presented sufficient evidence showing that he was qualified for the position of captain at the

time the selection was made by Chief Shanahan.

When the particular selection process used by the Anne Arundel County Police Department is considered under the circumstances applicable to plaintiff's claims, this Court concludes that plaintiff Bailey was not qualified for promotion to the position of captain at the time that the selection was made by Chief Shanahan. If the Court were to accept plaintiff's argument that discriminatory preference resulted in the selection of Baker Marpel for the position of captain, plaintiff would not in any event be entitled to the relief which he is seeking here.[5] If Baker Marpel were eliminated from the certified list presented to Chief Shanahan, Bailey would not on the facts of record here have received the promotion.

Critical to the County's selection process was the scoring of the applicants who were placed on the Eligibility List. Bailey was indeed qualified to be on that list since he met the initial three minimal requirements. However, Bailey was not qualified for interview by Chief Shanahan since he had received a score of 58 and was seventh on the Eligibility List. As a result, he was not on the certified list of three persons presented to Chief Shanahan for interview and would not have been on that list even if Baker Marpel were eliminated from it. If this Court were to rule that because of race, sex or age preference accorded her, Baker Marpel should have been eliminated from the certified list of three persons interviewed by Chief Shanahan, the next person in line for placement on the certified list was Pressley and not Bailey. If an applicant was not on the certified list, he could not be selected for the position. Only those on that list were interviewed by Chief Shanahan, and only persons interviewed had a chance to be selected. That other applicants received higher scores than Bailey is a legitimate reason for not placing him on the certified list and making him eligible for the promotion at issue. *Carter,* 33 F.3d at 458. An objective selection process based on scoring was employed by defendant, and plaintiff was not placed higher on the list because other applicants received higher scores than he did.

Plaintiff has argued that he should have received a higher score than Baker Marpel and other candidates for the position and that he therefore should have been placed on the certified list of three persons and interviewed by Chief Shanahan. This argument is based on two exhibits, each of which was created by plaintiff himself. Exhibit 11 submitted in support of plaintiff's opposition to defendant's pending motion contains a comparison of the qualifications of plaintiff with those of Baker Marpel. Exhibit 12 is a comparison of the qualifications of all ten candidates on the Eligibility List.

Exhibit 11 begins with a lengthy narrative of plaintiff's law enforcement experience and then compares the qualifications of plaintiff with those of Baker Marpel. According to this Exhibit, plaintiff had more years of experience than Baker Marpel in each of the four areas of evaluation used by the County in ranking the candidates. Plaintiff based his rankings entirely on the number of years of experience which he and Baker Marpel had in each particular area and used his own subjective judgment in determining which experiences belonged in which evaluation area. Plaintiff did not assign different weights to different types of experiences. Instead, he merely added up the years of experience

---

**5.** *Inter alia,* plaintiff seeks back pay commencing on May 24, 2001 and a mandatory injunction requiring defendant to remove Baker Marpel from the position and promote him to captain in her place.

which he and Baker Marpel had in each particular area and then compared the numbers.

In Exhibit 12, plaintiff has listed the years of experience of each candidate in each area of evaluation and has concluded with a summary comparison. According to the summary comparison made in Exhibit 12, plaintiff ranked himself as second among the ten candidates and ranked Baker Marpel as ninth.

It is apparent from the Court's review of both Exhibit 11 and Exhibit 12 that plaintiff's comparisons are in essence seniority charts based solely on plaintiff's own subjective beliefs as to what experiences should be counted in each area of evaluation. Plaintiff's Exhibits 11 and 12 are not competent evidence supporting his contention that he should have been interviewed by Chief Shanahan. The self-perception of a plaintiff as to his qualifications in a suit like this one is irrelevant; what matters is "the perception of the decisionmaker." *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980); *Jamil v. White,* 192 F.Supp.2d 413, 419 (D.Md.2002), *aff'd,* 55 Fed.Appx. 658, 2003 WL 257499 (4th Cir.2003). A court will not review in a Title VII case an employer's decision based on the employer's judgment as to the relative qualifications of employees. *Wileman v. Frank,* 979 F.2d 30, 37–38 (4th Cir.1992); *Pfeifer v. Lever Bros. Co.,* 693 F.Supp. 358, 364 (D.Md.1987), *aff'd,* 850 F.2d 689 (4th Cir. 1988). This Court should not act as a "super-personnel department" and undertake to determine whether an employer's perceptions of an employee's qualifications are erroneous without regard to the employer's "ability to assess the full dimensions of its employee's qualifications and its ability to view its employees in a work environment . . ." *Evans v. Technologies Applications & Servs. Co.,* 875 F.Supp. 1115, 1120 (D.Md.1995), *aff'd,* 80 F.3d 954 (1996); *Chyu v. Maryland Dept. of Health and Mental Hygiene,* 198 F.Supp.2d 678, 683 (D.Md.2002).

The record here establishes that it was because of the low score received by Bailey that he was not qualified for placement on the certified list of interviewees and that he was therefore not qualified for promotion to captain. Plaintiff Bailey has not shown in this case that he should have received a higher score than the five Caucasian males who were rated ahead of him on the Eligibility List. Since evidence of record here establishes as a matter of law that plaintiff Bailey was not qualified for the position sought by him, he has not made out a *prima facie* case of race, sex or age discrimination under the *McDonnell Douglas* proof scheme.

(b)

*Legitimate, Nondiscriminatory Reason for the Action Taken and Pretext*

 Even assuming, *arguendo,* that the Court were to find that plaintiff Bailey had made out a *prima facie* case of race, sex or age discrimination on the present record, summary judgment in favor of defendant would still be granted. Defendant has in this case articulated a legitimate, nondiscriminatory reason for its failure to promote plaintiff. Defendant asserts that Baker Marpel was selected for the position of captain because she was deemed by Chief Shanahan to be the most highly qualified candidate. Plaintiff in turn has presented no material evidence which would raise a triable issue as to the question of pretext. He has failed to come forward with direct evidence "of a stated purpose to discriminate . . . of sufficient probative force to reflect a genuine issue of material fact." *EEOC v. Clay Printing Co.,* 955 F.2d 936, 941 (4th Cir.1992) (quoting *Goldberg,* 836 F.2d at 845).

Bailey has advanced three arguments in an attempt to satisfy his burden of showing pretext. He contends: (1) that both

he and eight of the nine other candidates were more qualified than Baker Marpel; (2) that Baker Marpel was not minimally qualified for the position of captain; and (3) that defendant attempted to give Baker Marpel a competitive advantage prior to the announcement that the new position was available. Evidence of record here indicates that neither singly nor in combination do these contentions support plaintiff's assertion that defendant's proffered reason for selecting Baker Marpel over Bailey was a pretext for unlawful discrimination. Each of plaintiff's arguments will be considered hereunder.

(i)

*Relative Qualifications*

In support of his attempt to meet his burden of showing pretext, plaintiff has once again argued that he was much more qualified for the position of police captain than was Baker Marpel and that there is no rational or credible basis for defendant's determination that Baker Marpel was more qualified than he. He also once again contends that eight of the other nine candidates were likewise more qualified than Baker Marpel.

Where a defendant produces proof that its reason for not promoting a plaintiff in a Title VII or ADEA case was that it selected the best qualified candidate for the position, the mere assertion by the plaintiff that he was more qualified for the position than the person actually selected is insufficient to demonstrate pretext. *Vaughan v. Metrahealth Cos., Inc.*, 145 F.3d 197, 202 (4th Cir.1998); *Bostron v. Apfel*, 104 F.Supp.2d 548, 556 (D.Md.2000), *aff'd*, 2 Fed.Appx. 235 (4th Cir.2001). As noted in Part III(a) of this Opinion, the self-perception of a plaintiff as to his qualifications in a suit like this one is irrelevant. *Flax*, 618 F.2d at 1062; *Pfeifer*, 693 F.Supp. at 365.

Evidence of record here indicates that both plaintiff and Baker Marpel possessed commendable qualifications, and that each had a strong record of service with the County. Baker Marpel submitted with her application a 29 page resume with numerous attached exhibits. The resume included a discussion of the following topics: (1) Synopsis of Assignments; (2) Higher Education; (3) Training and Professional Development; (4) Boards, Committees and Memberships and (5) Awards, Nominations and Certificates.

Both candidates had significant experience in the particular experiential areas being evaluated. Plaintiff had more experience than Baker Marpel in certain areas, including education, police management and police operations. But Baker Marpel, on the other hand, had more experience than plaintiff in certain other areas, including community relations. Baker Marpel had spent a year as the Commander of the Community Relations Unit of the Police Department and had spent two years supervising the Youth Activities Program, a program that falls under the command of the Community Relations Unit. Plaintiff had no specialized experience in community relations matters.

On the record here, this Court concludes that this is not a case where the selectee's qualifications are so clearly below those of the plaintiff that defendant's proffered reason that the selectee was more qualified can be deemed to be pretextual. *See Anderson v. Bessemer City*, 470 U.S. 564, 580, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Alvarado v. Board of Trustees of Montgomery Community College*, 928 F.2d 118 (4th Cir.1991). In a Title VII or ADEA case, a court should not act as a "super-personnel department" and undertake to determine whether a defendant's perceptions of an employee's qualifications are erroneous, without regard to the defendant's ability to assess the full dimension of its employees' qualifications and its ability to view its employees in a work environment. *Evans*, 875 F.Supp. at 1120. A

plaintiff's opinions and conclusory assertions do not have sufficient probative force to reflect a genuine issue of material fact as to the issue of pretext. *Goldberg,* 836 F.2d at 848.

In asserting that eight of the nine remaining candidates were better qualified than Baker Marpel, plaintiff argues that the County attempted to "level the playing field" by placing emphasis on experience that was exclusive to Baker Marpel. Specifically, plaintiff contends that the County in making the selection gave special emphasis to experience in community relations and budgeting in order to give Baker Marpel an advantage. This argument is meritless. Absent evidence of improper motive, the employer's method of evaluating an employee's job performance must be left to the employer's discretion. *Beall v. Abbott Lab.,* 130 F.3d 614, 618–20 (4th Cir.1997).

There is no evidence in the record here that the selection process was intentionally designed to unlawfully discriminate against plaintiff or any of the other candidates on the basis of their race, sex or age. An employer is free to create its own standards for selecting candidates for a position so long as those standards are not a mask for discrimination. *Langerman v. Thompson,* 155 F.Supp.2d 490, 500 (D.Md. 2001).

Plaintiff has also contended that defendant violated provisions of the Anne Arundel County Code when Baker Marpel received a score of 76. According to plaintiff, the Code requires that equal weight must be given to all of the chosen criteria which the County considers in determining a candidate's placement on the eligibility list. Applicable provisions of the Anne Arundel County Code do not support this argument. Article 8 § 1–106(a)(1)(iii) of the Code provides: "Eligibility lists shall be based on such written, performance, medical, oral, or other examinations as determined by the Personnel Officer for the class or class series to which the list applies." Section 1–106(a)(1)(iv) further provides: "Except as provided in subsection (g) of this section, candidates shall be ranked on the eligibility list according to the descending order of their relative merit as determined by the appropriate methods of examination." Under these provisions, Assistant Personnel Officer Hopkins had the discretion, in evaluating candidates, to determine the weight to be accorded to each of the chosen criteria. The County Code does not require a personnel officer to give each of the chosen criteria equal weight.

This Court is satisfied on the record here that plaintiff has failed to present evidence that he and the other candidates were more qualified than Baker Marpel and that the reason given by defendant for Baker Marpel's promotion was a pretext for discrimination. Evidence of record establishes as a matter of law that Assistant Personnel Officer Hopkins sincerely and honestly believed that Baker Marpel was entitled to receive the score of 76 given to her and that Chief Shanahan sincerely and honestly believed after interviewing her that Baker Marpel was the best qualified applicant for the position of captain at issue. Whether or not Hopkins and Chief Shanahan exercised due care in making those determinations, proof does not exist that they intended to discriminate and select Baker Marpel for the position on the basis of her race, sex or age. The trier of fact could not on the record here reasonably infer that the explanation for the action taken was false and "that the employer [was] dissembling to cover up a discriminatory purpose." *Reeves,* 530 U.S. at 147, 120 S.Ct. 2097.

(ii)

*Minimal Qualifications*

Plaintiff next argues that Baker Marpel was not even minimally qualified for the

position because she had not completed 90 credit hours of course work at an accredited college or university. In her application, Baker Marpel stated that she had received 102 credit hours from Ohio University and 93 credit hours from Lacrosse University. Plaintiff asserts that Baker Marpel never completed the admissions process at Ohio University and was therefore never admitted as a student. According to plaintiff, even if the 102 credits claimed were taken into consideration, they were quarter hours, not credit hours.[6] Plaintiff further contends that both Ohio University and Lacrosse University are not accredited universities, that these deficiencies were "obvious" and that Assistant Personnel Officer Hopkins must have known about them.

Contrary to plaintiff's assertions, evidence of record establishes that Hopkins had no knowledge of these alleged deficiencies. At her deposition, Hopkins testified that she was not aware that Baker Marpel's application for transfer to Ohio University was never completed and that she was not aware that quarter hours were weighted differently from credit hours. In addition, Hopkins testified that she believed that both Ohio University and Lacrosse University were accredited universities. In her application, Baker Marpel had certified "that every statement I have made in this application is TRUE AND COMPLETE to the best of my knowledge. I understand that any false or incomplete answer may be grounds for not employing me or for discharging me after my employment."

Neither Title VII nor the ADEA imposes a duty on an employer to verify statements contained in an application indicating that the applicant satisfies the minimum requirements permitting him or her to be considered for the position at issue. An employer has every right to rely on the representations made by an applicant, particularly when, as in this case, the applicant was a police officer and had certified that her statements were true and complete.

When the evidence here is viewed in the light most favorable to plaintiff, the trier of fact might at most have been entitled to infer that Hopkins may have been careless in reviewing Baker Marpel's application. However, there is no evidence that Hopkins knowingly accepted and relied on false information in Baker Marpel's application with the intent to discriminate. Plaintiff's contention that Hopkins must have known about the alleged deficiencies in Baker Marpel's application and consciously chose to overlook them for discriminatory reasons amounts to mere speculation and conjecture. A plaintiff's own conclusory assertions of discrimination in and of themselves are insufficient to constitute proof of a defendant's discriminatory animus. *See Williams,* 871 F.2d at 452. When an employer gives legitimate nondiscriminatory reasons for an employment decision, it is not the province of the Court to decide whether the reasons were wise, fair or even correct, so long as they truly were the reasons for the employment action. *DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir.1998); *Hawkins v. PepsiCo, Inc.,* 203 F.3d 274, 279 (4th Cir.2000). In this case, the record establishes that the reasons advanced by the County were truly the reasons why it took the employment action challenged here.

### (iii)

### *Competitive Advantage*

Plaintiff finally argues that defendant attempted to give Baker Marpel a compet-

---

**6.** Quarter hours are weighted differently from credit hours. A quarter hour is equal to 1.5 times a full credit hour. Therefore, 102 quar-

ter hours would be equivalent to 68 credit hours.

itive advantage for the promotion at issue by earlier placing her in the position of acting captain and by delaying the creation of the necessary Eligibility List in order to give her more time to attain the minimal educational requirements. It is contended by plaintiff that, in seeking to give Baker Marpel an advantage, defendant in both instances violated the County Code. Plaintiff's argument is without merit.

There is no evidence in the record here indicating that because the County wished to promote Baker Marpel because of her sex, race or age, she was earlier assigned to be acting captain or that the creation of the Eligibility List was intentionally delayed. Baker Marpel's score of 76 was not based on her experience as acting captain. Plaintiff's contention that defendant was attempting to give the lone minority candidate an advantage is no more than speculation. The evidence relied upon by plaintiff does not indicate that race, sex or age were considered in the County's selection process or that defendant's proffered reason for the selection of Baker Marpel was pretextual.

## V

### *Conclusion*

In sum, plaintiff Bailey has not on this record met his burden of producing evidence establishing a *prima facie* case of race, sex or age discrimination. Moreover, he has not produced evidence of discrimination sufficient to create a genuine issue of material fact concerning whether defendant intentionally discriminated against him based upon his race, sex or age. Plaintiff has not produced proof indicating that the legitimate, nondiscriminatory reasons given by defendant for his non-selection were pretextual.

Accordingly, for all the reasons stated, defendant's motion for summary judgment will be granted. An appropriate Order will be entered by the Court.

### *ORDER*

For the reasons stated in the Court's Memorandum Opinion of today, it is this *14th* day of March, 2003 by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion for summary judgment is hereby granted; and

2. That judgment is hereby entered in favor of defendant Anne Arundel County, Maryland, with costs.